## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| BONITA A. POWERS, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF JAMES C. POWERS, Deceased, | )<br>)<br>)<br>) | **CASE NO. 1:22-cv-00198** |
| Plaintiff, | )<br>) | **JUDGE DAN AARON POLSTER** |
| v. | )<br>)<br>) | **OPINION & ORDER** |
| THE CLEVELAND CLINIC FOUNDATION, | )<br>)<br>) | |
| Defendants. | ) | |

Before the Court is Plaintiff Bonita Powers' Motion for Leave to Amend Complaint. Defendant the Cleveland Clinic Foundation ("CCF") opposes the motion. This matter, having been fully briefed, is now ripe for ruling. For the reasons detailed herein, the Court CONDITIONALLY GRANTS Powers' Motion for Leave to Amend Complaint.

## I.  BACKGROUND

### A.  Factual and Procedural Background

In November 2017, Dr. James Powers underwent left knee replacement surgery at Thompson Health f/k/a F.F. Thompson Hospital ("Thompson Health") in Canandaigua, New York. ECF 40-1 ¶ 14. When he began to develop severe breathing and pulmonary symptoms over the next several months, he was initially treated at that same hospital. *Id.* ¶ 15. Dr. Powers later received a left-lung transplant at the University of Pittsburgh Medical Center ("UPMC") in Pittsburgh, Pennsylvania, in September 2018. *Id.* ¶¶ 16-17. Unfortunately, his condition continued to worsen, and he was again admitted to Thompson Health on or about April 3, 2019. *Id.* ¶ 19.

Roughly a week later, on or about April 10, 2019, Dr. Powers was transferred from Thompson Health to the Cleveland Clinic in Cleveland, Ohio, for a second opinion regarding and treatment of his lung condition. *Id.* ¶ 20. He continued to receive treatment at the Cleveland Clinic over the next 12 days, before passing away on April 22, 2019, while at the Cleveland Clinic. *See generally id.* ¶¶ 21-37; *id.* ¶ 38.

Powers first filed a complaint regarding her husband's (Dr. James Powers) treatment and death in this Court roughly five years ago. *See* Complaint, *Powers v. Cleveland Clinic Found.*, No. 1:20-cv-02293 (N.D. Ohio Oct. 9, 2020), Dkt. No. 1. At the same time, Powers was already engaged in ongoing litigation over substantially the same issues in New York state court ("New York Case"). In light of that ongoing litigation, the Court dismissed Powers' complaint without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), to be re-filed at a later date if necessary. Amended Order, *Powers v. Cleveland Clinic Found.*, No. 1:20-cv-02293 (N.D. Ohio Feb. 9, 2021), Dkt. No. 12.

One year later, on February 4, 2022, Powers filed the instant action ("Ohio Case"). ECF 1. The Ohio Case complaint was identical to the original complaint first filed in Ohio federal court in late 2020. CCF filed its Answer in the Ohio Case on March 24, 2022. ECF 3. The five individual doctors re-named as defendants were later dismissed. *See* ECF 13. Since the parallel litigation in the New York Case was still ongoing, this Court formally stayed the Ohio Case in October 2023. *See* Minutes of Proceedings, *Powers v. Cleveland Clinic Found.*, No. 1:22-cv-00198 (N.D. Ohio Oct. 11, 2023).

The Ohio Case remained stayed for nearly one and a half years, when Powers filed a motion to lift the stay on March 18, 2025, noting the need to proceed with litigation because the New York Case had only continued to stall. ECF 26. The Court held a status conference discussing the motion

and the status of the New York Case on March 26, 2025. During that status conference, the Court learned that Powers had filed what was essentially a "placeholder" to toll the statute of limitations for a potential medical malpractice and wrongful death case related to her husband's care in Pennsylvania ("Pennsylvania Case"). Based on the conversations at the status conference, the Court decided to lift the stay on the Ohio Case, but directed Powers to file proof of her intention to withdraw the wrongful death claims in the New York Case and Pennsylvania Case.[1] At this time, the Court also established a litigation schedule. *See* Amended Order [non-document], *Powers v. Cleveland Clinic Found.*, No. 1:22-cv-00198 (N.D. Ohio Apr. 11, 2025) ("April Scheduling Order"). In relevant part, the April Scheduling Order established May 23, 2025, as the "[d]ate by which the pleadings shall be amended."

Shortly after the status conference and only hours after the April Scheduling Order was issued, Powers' counsel moved to withdraw his appearance in the case. The Court granted the motion to withdraw, and directed Powers to file both an appearance from her new counsel and proof of filings dismissing the wrongful death claims in the New York Case and Pennsylvania Case, or else the Court would dismiss the Ohio Case for want of prosecution. *See* Minutes of Proceedings, *Powers v. Cleveland Clinic Found.*, No. 1:22-cv-00198 (N.D. Ohio Apr. 18, 2025).

Ultimately, Powers determined that the New York Case was the appropriate vehicle for the wrongful death claim, and informed the Court of her intention to withdraw the wrongful death claim from the Ohio Case at the August 20, 2025, Case Management Conference. Also at that conference, Powers informed the Court that she had conferred with her new counsel and intended

---

[1] As noted, *supra*, the Court became aware during the status conference that Powers was pursuing wrongful death claims in three separate states against three separate medical centers. While it is certainly possible that any or all three of the medical facilities could be liable for malpractice or negligence, axiomatically only one facility could be liable for wrongful death. As such, the Court instructed Powers that she could not maintain three separate wrongful death suits against three separate entities.

to file a motion to amend her complaint (the instant motion). The Court set a briefing schedule for that motion, which has now run its course.

### B. Changes to the Complaint

Powers attached a copy of her proposed Amended Complaint as Exhibit A to her motion. ECF 40-1. Much of the factual allegations remain the same, though the Amended Complaint is more specific when discussing the treatment of Dr. James Powers and the medications administered to him. *See, e.g.*, ECF 40-1 ¶ 27 (detailing specific administrations of heparin, including date, length of time, dosage, and total units). The differences between the complaints mainly appear in the specific claims alleged.

In the original complaint, Powers alleged:[2] (1) Negligence, Carelessness, and Recklessness, ECF 1 ¶¶ 98-100; (2) Strict Products Liability – Design Defect, *id.* ¶¶ 101-13, regarding the fentanyl administered during treatment; (3) Strict Products Liability – Manufacturing Defect, *id.* ¶¶ 114-27, also regarding the administration of fentanyl; (4) Strict Products Liability – Failure to Warn, *id.* ¶¶ 128-36, also regarding the administration of fentanyl; (5) Breach of Express and Implied Warranty, *id.* ¶¶ 137-40, also regarding the administration of fentanyl; and (6) Professional Negligence / Corporate Liability / Vicarious Liability, *id.* ¶¶ 141-49.

By contrast, the Amended Complaints alleges: (1) Medical Negligence, ECF 40-1 ¶¶ 46-48, listing both negligence generally and through 26 particular incidents; (2) CCF Liability for the Medical Negligence of Its Employees and Agents, *id.* ¶¶ 49-57; (3) Lack of Informed Consent, *id.* ¶¶ 58-67, regarding the administration of belatacept, heparin, and/or fentanyl and the failure to

---

[2] As noted, *supra*, the original complaint also named a number of Cleveland Clinic practitioners as defendants. These individuals were ultimately dismissed and CCF was the only remaining defendant. In the Amended Complaint, CCF is still the only defendant. Thus, for ease of comparison, this Order will only list the claims alleged against CCF and not separate out any claims against the individual practitioners.

administer protamine sulfate in the final two days of treatment; and (4) Medical Battery, *id.* ¶¶ 68-74.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that, when requesting an amendment before trial, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* Because leave to amend a complaint should be freely given "when justice so requires," a court, in denying a request for leave to amend, is typically restricted to situations where "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment" are present. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

If the court has also entered a scheduling order, then the court must also look at the motion within the confines of Federal Rule of Civil Procedure 16(b). That rule states, in relevant part, that "the district judge . . . must issue a scheduling order" that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1), (b)(3)(A) (cleaned up). Modification of the scheduling order is only permitted "upon a showing of good cause <u>and</u> by leave of the district judge." *Id.* 16(b)(4) (emphasis added). The Sixth Circuit has held that a plaintiff's demonstration of "good cause" requires a showing that, despite the plaintiff's diligence, they could not meet the original deadline. *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003) (citing Fed. R. Civ. P. 16, 1983 advisory committee's notes). The court is required to evaluate whether the plaintiff has shown good cause under Rule 16(b) before the court can consider whether the amendment is proper under Rule 15(a). *Id.* at 909.

### III. ANALYSIS

On the whole, CCF's arguments about the interplay of Rule 16(b) and Rule 15(a) are well taken. The Court agrees that, in this circuit, the mere change in counsel <u>alone</u> is not sufficient to establish "good cause" within the meaning of Rule 16(b). However, CCF's own concession to a briefing schedule for a proposed amended complaint is fatal to its stated opposition.

Once Powers secured her new counsel, the Court issued a case management conference order and directed the parties to file a new report of parties' planning meeting. *See* Order [non-document], *Powers v. Cleveland Clinic Found.*, No. 1:22-cv-00198 (N.D. Ohio July 18, 2025); ECF 33. The parties submitted their joint report on August 19, 2025. ECF 36. The report specifically addressed Powers' intent to file an amended complaint, including a proposed briefing schedule if CCF did not consent to the proposed amended complaint. *Id.* at 2. Nowhere in this report did CCF raise any concerns about the timing of such a filing. The only thing the report notes about CCF's position is that "counsel for CCF cannot reasonably take any position regarding this proposed Amended Complaint without seeing a draft." *Id.*

During the case management conference on August 20, 2025, again the topic of the proposed amended complaint came up. Though Powers did not have a complete draft of an amended complaint at that time, she shared with CCF and the Court a general description of what changes she anticipated making. This included a discussion of withdrawing the wrongful death claim, and adding claims related to the administration of belatacept and heparin. Again, CCF did not raise any concerns about the proposed amendments in relation to the April Scheduling Order. The only concerns CCF raised were general concerns about prejudice, given the total length of time this case has been pending. Recognizing those concerns, the Court agreed to allow the parties to fully brief the motion for its consideration. The Court adopted a briefing schedule virtually

identical to the one proposed by the parties in their joint report just one day prior.[3] The parties and the Court also agreed upon a new litigating schedule, should the motion to amend complaint be granted. *See* ECF 37 at 2. CCF was an active participant in the discussions setting these deadlines, and raised no concerns pertaining to Rule 16(b) at that time.

In general, a party's failure to raise an objection or concern in a timely fashion constitutes a waiver of that objection or concern. If CCF has concerns about the timeline of Powers' proposed amended complaint under Rule 16(b), it had an obligation to raise those concerns well before the filing of its brief in opposition. Instead, at the August 2025 case management conference, CCF only argued potential prejudice on the merits of an amendment. Both parties having agreed upon and consented to a specific briefing schedule for the motion to amend complaint not just once, but twice, the Court finds that CCF consented to the "good cause" required for amendment. Thus, the Court finds that the requirements of Rule 16(b) are satisfied.

This leaves only the question of whether amendment is appropriate under Rule 15(a). While it is true that the court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile," *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quotation omitted). CCF makes no argument that Powers' motion is in bad faith or for dilatory purposes; rather, CCF cites undue delay, futility, and prejudice. The Court will address each of these in turn.

It is no secret that this case has been pending for a significant amount of time. However, the typical concerns related to "undue delay" in this scenario are not present in the instant case. The Ohio Case may have been pending before this Court since February 2022, but it has spent the

---

[3] The only difference is that, while the parties proposed Powers file her motion to amend by September 24, 2025, the Court instead required such a motion to be filed by September 22, 2025.

vast majority of that time stayed at the explicit request of the parties to allow litigation to develop in the New York Case. *See* ECF 9 (jointly requesting a 6-month stay in April 2022); ECF 11 (jointly requesting a 4-month stay in October 2022); ECF 12 (jointly requesting another 4-month stay in February 2023). The Court also stayed the Ohio Case multiple times following status conferences with the parties. *See* Minutes of Proceedings, *Powers v. Cleveland Clinic Found.*, No. 1:22-cv-00198 (N.D. Ohio Oct. 11, 2023) (ordering a stay of proceedings and requiring Powers to file status reports on the progress of the New York Case every 60 days); Minutes of Proceedings, *Powers v. Cleveland Clinic Found.*, No. 1:22-cv-00198 (N.D. Ohio Dec. 20, 2023) (continuing the stay). The Court only lifted the stay on March 26, 2025—just 7 months ago. And not even a month after that stay was lifted, the Ohio Case was again effectively stayed while Powers secured new counsel and addressed the wrongful death claims in the New York Case and Pennsylvania Case. That stay lasted from April 2025 until August 2025, when the latest case management conference was held.

Even when the Ohio Case was not explicitly stayed, the parties had not engaged in significant amounts of discovery. *See generally* ECF 18 (discussing the exchange of informal paper discovery, but specifically noting that CCF views "any formal discovery of CCF or depositions of its former/current physicians [as] premature given the ongoing litigation in New York and [] contrary to the stay currently in place in this case"). After the formal stay was lifted, the Court set a fact discovery deadline for October 2025, *see* Amended Order [non-document], *Powers v. Cleveland Clinic Found.*, No. 1:22-cv-00198 (N.D. Ohio Apr. 11, 2025), but that only lasted for one month, when the case was effectively stayed while Powers was *pro se*. To the best of this Court's knowledge, no depositions have been taken in this case, nor have any formal discovery requests or interrogatories been exchanged between the parties. The limited informal

discovery in this case was confirmed at the August 2025 case management conference, where the Court directed the parties to "immediately [] conduct factual discovery into Dr. James Powers' medical records, with a particular focus on what drugs he was administered, when they were administered, and in what quantities and dosages, while he was at the Cleveland Clinic." ECF 37 at 1.

Considering all of the above, the Court finds that any delay in filing the motion to amend complaint is not undue. Indeed, it was CCF that was adamant that Powers focus her efforts on the New York Case for several years, rather than the Ohio Case, because CCF did not want to be "forced to expend resources to defend against allegations" that may be potentially determined in the New York Case. ECF 27 at 3; *see also id.* at 2 ("The wrongful death allegations in the New York action predate the wrongful death allegation in this case by more than a year and should continue to take lead and conclude prior to The Cleveland Clinic being forced to incur the significant costs of litigation.").

As to the question of futility, the bar for allowing new claims is rather low. "A motion to amend is 'futile' if it would not withstand a Rule 12(b)(6) motion to dismiss." *Bergmoser v. Smart Document Sols., LLC*, 268 F. App'x 392, 396 (6th Cir. 2008) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000)). A claim is not futile merely because it relies on the same underlying facts or allegations as another claim. *Cf. Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (holding that the considerations for a Rule 12(b)(6) motion to dismiss are whether the facts state a claim for relief that is plausible); *but cf.* Fed. R. Civ. P. 12(f) (identifying a motion to strike, rather than a motion to dismiss, as the vehicle for "strik[ing] from a pleading an insufficient defense or any <u>redundant</u>, immaterial, impertinent, or scandalous matter" (emphasis added)). To

9

the extent that such claims may "potentially be time-barred by the statute of limitations," that defect is not plainly obvious from the face of the Amended Complaint. Should CCF wish to raise that defense, it is free to do so in a Rule 12 or Rule 56 motion within the appropriate timeframe contemplated by the Federal Rules of Civil Procedure.

The remaining factor to consider is prejudice. Though discovery in this case has been limited, it has not been non-existent. For the past several years, CCF anticipated that it would be defending against a medical malpractice claim primarily based on improper fentanyl administration. The Amended Complaint largely moves away from that theory, relying more on the administration of belatacept and heparin for the basis of its medical malpractice claims. While many of the underlying facts are relevant to both theories, there are some differences. The Court is cognizant that CCF expended time and resources on the fentanyl-specific theory that, under the new theory, it may not have.

However, the many of the ordinary concerns regarding prejudice are not present here. For instance, CCF does not allege that relevant witnesses have passed away or are otherwise no longer available, nor does it allege that relevant evidence was destroyed in the ordinary course of business and cannot be recovered. In essence, the prejudice CCF would suffer from the amendment is purely economic in nature. Thus, the appropriate remedy to that prejudice is not to deny the amendment wholesale, but rather to compensate CCF appropriately. Powers will be required to pay attorney's fees and expert costs for time spent on the fentanyl issue only. This compromise follows the spirit of freely allowing amendment under Rule 15(a), while still compensating CCF for the resources it unnecessarily expended.

10

## IV. CONCLUSION

For these reasons, the Court hereby **CONDITIONALLY GRANTS** Powers' Motion to Amend Complaint. The Amended Complaint shall be considered filed as of the date of this order. In light of the upcoming holiday season, though, the litigation schedule is adjusted as follows:

| | |
|---|---|
| Plaintiff's expert reports due | January 12, 2026 |
| Defendant's expert reports due | March 13, 2026 |
| Expert discovery closes | May 12, 2026 |
| Dispositive motions due | June 11, 2026 |

Further, CCF is directed to file an accounting of the attorney's fees and expert witness expenses for the fentanyl issue <u>only</u> no later than two weeks from the date of this order. This filing should also include an affidavit attesting to the accuracy of this accounting from CCF's counsel.[4] Powers is then directed to <u>personally</u> (as opposed to her counsel) pay CCF within two weeks of its filing. If Powers fails to make a timely payment, then her motion to amend will be deemed denied and she will be required to move forward with her original complaint.

**IT IS SO ORDERED.**

**Date: October 24, 2025**

*/s/ Dan Aaron Polster*
**Dan Aaron Polster**
**United States District Judge**

---

[4] If the Court finds that CCF's accounting is unreasonable, it will *sua sponte* reduce it as it finds appropriate.

11